UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN ANDREW BABEY,

    Petitioner,

v.

STATE OF MINNESOTA, and
LORI SWANSON, Attorney General,

    Respondents.

Civil No. 11-209 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 2006, Petitioner pled guilty to a charge of first degree criminal sexual conduct in criminal action brought against him in the state district court for Dakota County, Minnesota. Petitioner was sentenced to 144 months in prison, and he is presently

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal, claiming that the trial court had wrongly denied his request to withdraw his guilty plea. The Minnesota Court of Appeals rejected Petitioner's arguments, and affirmed his conviction and sentence. State v. Babey, No. A06-2425 (Minn.App. 2008), 2008 WL 2726944 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's subsequent application for further review on September 23, 2008. Id.

On October 13, 2009, Petitioner filed a post-conviction motion in the trial court. ("Affidavit of Time Lines Chronological Order," [Docket No. 6], p. 2.[2]) Petitioner's post-conviction motion was denied on November 25, 2009, (id.), and he then sought appellate review of that ruling. Petitioner's post-conviction appeal was rejected by the Minnesota Court of Appeals on July 28, 2010, and the Minnesota Supreme Court denied Petitioner's application for further review on October 19, 2010. (Id.)

Petitioner's current habeas corpus petition was received and filed by the Clerk of Court on January 27, 2011. However, the Eighth Circuit Court of Appeals has held that a prisoner habeas corpus petition is deemed to have been filed on the date when it is delivered to prison officials for mailing. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). In this case, the petition was signed on January 26, 2011, so Petitioner obviously did not deliver the petition for mailing before that date. For present purposes,

---

[2] The Court previously reviewed Petitioner's current habeas corpus petition, shortly after it was filed. At that time, the Court noted that Petitioner may not have filed his petition within the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1). Therefore, the Court ordered Petitioner to show cause why his current petition should not be summarily dismissed due to untimeliness. (See Order dated February 1, 2011; [Docket No. 4].) Petitioner responded to that order by filing an affidavit, (Docket No. 6), which provides much of the chronology of this case.

the Court will assume that Petitioner delivered his petition for mailing on the day that he signed it, namely on January 26, 2010, and that will be deemed the filing date for this action.

The current petition lists four grounds for relief, which Petitioner has summarized as follows:

(1) "Conviction obtained violating the Petitioners [sic] Fourth Amendment rights to illegal search and seizure."

(2) "The Petitioner was not informed of his rights under <u>Miranda</u> prior to a custodial interrogation done in his home."

(3) "The Petitioner was afforded ineffective assistance of counsel. Which resulted in his conviction."

(4) "The right to due process of law was withheld from the Petitioner to uphold his conviction."

(Petition, [Docket No. 1], Attachment.)

The Court finds, however, that none of Petitioner's current habeas corpus claims can be decided on the merits, because this action is barred by the one-year statute of limitations prescribed by federal law. The Court will therefore recommend that this action be summarily dismissed.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking

federal court review of a conviction or sentence.   This statute provides that:

> "**(d)(1)**   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

4

Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on September 23, 2008. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions are not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final," and the one year federal statute of limitations began to run in this case on December 23, 2008 – the day after the expiration of the 90-day deadline for seeking certiorari review in the United States Supreme Court.

However, the present habeas corpus petition was not filed until January 26, 2011, which was more than two years after the statute of limitations began to run. Therefore, this action is clearly barred by the one-year statute of limitations, unless it is saved by the available tolling provisions.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

In this case, Petitioner tolled the running of the statute of limitations when he filed his post-conviction motion in the trial court on October 13, 2009. The statute of

limitations continued to be tolled until October 19, 2010, when the Minnesota Supreme Court denied Petitioner's application for further review in his post-conviction proceedings.[3] Thus, the Court finds that the statute of limitations was tolled in this case, pursuant to § 2244(d)(2), from October 13, 2009, until October 19, 2010. However, even when this tolling period is taken into account, the statute of limitations was running in this case for a total of 392 days.

As determined above, the statute began to run on December 23, 2008 – the day after Petitioner's judgment of conviction and sentence became final on direct appeal. The statute continued to run until it was tolled on October 13, 2009, (the date when Petitioner filed his post-conviction motion), which is a total of 294 days. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). The Court has determined that the statute was tolled from October 13, 2009, until October 19, 2010. Then the statute began to run again on October 20, 2010, (the day after Petitioner's post-conviction proceedings were completed in the Minnesota Supreme Court), and it continued to run until Petitioner filed his current petition on January 26, 2011, which is a total of 98 days. Altogether then, the statute of limitations was running in this case for a grand total of 392 days before the current petition was filed – 294 days before the statute

---

[3] The statute of limitations is not tolled during the period of time when a prisoner could seek certiorari review of post-conviction proceedings in the United States Supreme Court. See Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir.) (§ 2244(d)(2) tolling period ends upon completion of state post-conviction proceedings in the highest state appellate court), cert. denied, 532 U.S. 998 (2001); Lawrence v. Florida, 549 U.S. 327, 337 (2007) (same).

was tolled by Petitioner's conviction motion, plus 98 days after the post-conviction tolling period ended.

Needless to say, the 392 days that the statute of limitations was running in this case exceeds the one-year (365-day) limitation period prescribed by § 2244(d)(1)(A). Therefore, the Court finds that this action was filed after the applicable statute of limitations had expired.

Petitioner may believe that his state post-conviction proceedings did not merely toll the running of the statute, but somehow 'reset the clock,' thus giving him a fresh new one-year limitations period when his latest state post-conviction proceedings were completed on October 19, 2010. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, the statute of limitations was merely <u>tolled</u> during Petitioner's post-conviction proceedings; the one-year limitations period did <u>not</u> begin to run anew after Petitioner's post-conviction proceedings were fully completed.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u>

make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The one-year statute of limitations began to run on December 23, 2008, the day after

8

Petitioner's criminal conviction became final on direct appeal. The statute of limitations was tolled from October 13, 2009, to October 19, 2010, while Petitioner's post-conviction proceedings were pending in the state courts. However, even with the subtraction of that tolling period, the statute was running in this case for 392 days, (294 days before the tolling period began, plus 98 days after the tolling period ended), which is longer than the one-year limit prescribed by § 2244(d). Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

Having determined that this action must be summarily dismissed due to untimeliness, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.   CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including

the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## V.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: March 8, 2011                         *s/ Jeanne J. Graham*
                                                              JEANNE J. GRAHAM
                                                              United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 23, 2011**.  A party may respond to the objections within ten days after service thereof.   Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.