UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN ANDREW BABEY, | Civil No. 11-209 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| STATE OF MINNESOTA and LORI SWANSON, | |
| Defendants. | |

John Andrew Babey, # 149112, Minnesota Correctional Facility Moose Lake, 1000 Lake Shore Dr., Moose Lake, MN 55767, *pro se*.

Nicole E. Nee, Assistant County Attorney, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN 55033, for defendant State of Minnesota.

Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for defendants State of Minnesota and Lori Swanson.

John Andrew Babey, a state prisoner incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on January 26, 2011.[1] In a Report and Recommendation dated March 8, 2011, United States Magistrate Judge Jeanne J. Graham found that the petition is barred

---

[1] Although the petition was filed by the Clerk of the Court on January 27, 2011, a prisoner's habeas petition is deemed to have been filed on the date when it is delivered to prison officials for mailing. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds*, *Riddle v. Kemma*, 523 F.3d 850 (8th Cir. 2008). Babey's petition was signed on January 26, 2011, making that the earliest possible date he could have delivered the petition to prison officials. (Docket No. 1.)

by the one-year statute of limitations on habeas petitions mandated by 28 U.S.C. § 2244(d)(1). (Docket No. 7.)

Babey objects to the Report and Recommendation, arguing that the tardiness of his submission should not result in dismissal as it was the result of the unavailability of court transcripts due to alleged error by the Minnesota district court. (Docket No. 8.) Liberally construed, Babey's objection contains two arguments: first, that improper state action prevented him from making a timely filing of his habeas petition, thereby extending the statute of limitations; and, second, that his petition should be allowed to proceed based on the doctrine of equitable tolling. The Court reviews *de novo* those portions of the Magistrate Judge's Report and Recommendation to which Babey objects. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2.

Under 28 U.S.C. § 2244(d)(1)(A)-(B), the one-year statute of limitations period for a habeas petition runs from either the date on which the judgment became final or "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action . . . ." However, the Eighth Circuit has made clear that "[p]ossession of a transcript . . . is not a condition precedent to the filing of [a motion for post-conviction relief]." *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *see also Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (finding that "lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings . . ."). Since access to court transcripts was not a condition precedent to Babey filing a habeas petition, lack of access to such transcripts could not be an

"impediment" that "prevented" Babey from making such a filing.  28 U.S.C. § 2244(d)(1)(B).  *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (concluding that failure to provide a transcript was not an "impediment" triggering the applicability of § 2244(d)(1)(B)).  Moreover, a careful review of the docket shows that Babey received nearly all requested transcripts within a reasonable period of time.[2]  The Court concludes that § 2244(d)(1)(B) does not apply in this case.

As to Babey's second argument, the statute of limitations in § 2244(d)(1) is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)).  Lack of access to or delays in receiving court transcripts, however, are not sufficient grounds for equitable tolling.  *See Gassler*, 255 F.3d at 495; *Jihad*, 267 F.3d at 806.  Babey is therefore not entitled to equitable tolling.

Babey filed his habeas petition after the expiration of the one-year statute of limitations set forth in § 2244(d)(1).  The statute began to run on December 23, 2008, when his conviction became final.  It was tolled between October 13, 2009 and October 19, 2010, while a post-conviction motion was pending.  *See* 28 U.S.C. § 2244(d)(2) (statute of limitations period tolled while an application for state post-conviction relief or other collateral review is pending).  It then began running again on

---

[2] The only requested transcript which Babey claims not to have received is one from a hearing held on March 31, 2006.  (Docket No. 8.)  Yet Babey does not show that his lack of possession of this transcript was due to error, let alone illegal error, on the part of the Minnesota district courts nor does he explain how lack of possession of this particular transcript prevented him from timely filing his habeas petition.

October 20, 2010, following the Minnesota Supreme Court's denial of Babey's request for review, until it expired on December 30, 2010. (Docket No. 6.) Therefore, when Babey filed his January 26, 2011 habeas petition, the one-year (365-day) statute of limitations had been running for 392 days, making his filing 27 days late. For the reasons stated above, the statute is not tolled for any additional period of time and no exception extending the limitations period applies. Babey's petition must therefore be summarily dismissed, and the Court will summarily deny Babey's application for leave to proceed *in forma pauperis*. (Docket No. 2.) Accordingly, the Court adopts the Report and Recommendation, dismisses Babey's petition, and denies his application for leave to proceed *in forma pauperis*.

A § 2254 habeas petitioner may only appeal the denial of his petition if he is granted a Certificate of Appealability by making a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To be entitled to a Certificate of Appealability, Babey must show that the issues are "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Babey has not shown that reasonable jurists would find the issues raised in his habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

# ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** Babey's objections to the Report and Recommendation [Docket No. 8], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated March 8, 2011[Docket No. 7]. **IT IS HEREBY ORDERED** that:

1. Babey's application for a writ of habeas corpus [Docket No. 1] is **DENIED**.

2. Babey's application for leave to proceed *in forma pauperis* [Docket No. 2] is **DENIED**.

3. This action is **DISMISSED with prejudice**.

4. For the purposes of appeal, the Court does not grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 15, 2011              _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                     United States District Judge